◼ JOSEPH A. WUNDERLIN, Individually and on Behalf of All Other Persons Similarly Situated, et al., Appellants, v. LUTHERAN CEMETERY et al., Respondents.— In an action for a declaratory judgment by the owner of a plot in the cemetery owned and operated by defendant Lutheran Cemetery and by a membership corporation whose members are engaged in the business of tending graves in said cemetery, plaintiffs appeal from a judgment of the Supreme Court, Queens County, dated May 2, 1966, and made after a nonjury trial, which adjudged valid (1) an order of the defendant Cemetery Board of the State of New York granting permission to the defendant cemetery corporation to levy a lot tax of $2 per lot not under annual or perpetual care for the 5-year period 1963 through 1967 and (2) an order of the defendant Cemetery Board approving the collection by the defendant cemetery corporation of a flat annual $50 supervision charge upon outside commercial gardeners servicing plots in said corporation's cemetery. Judgment modified, on the law, by striking out its third decretal paragraph, which adjudged valid the order approving the collection of a flat annual supervision charge upon the gardeners, and by substituting therefor a decretal paragraph declaring the order to be null and void. As so modified, judgment affirmed, without costs. No questions of fact have been considered. At bar an annual $50 " supervision " charge was imposed by the defendant cemetery corporation upon outside commercial gardeners who were retained by certain lot owners to service plots in the corporation's cemetery. The charge was approved by the defendant Cemetery Board. In our opinion section 82 of the Membership Corporations Law, which authorizes the directors of a cemetery corporation to fix and make reasonable " charges ", does not authorize the imposition of a charge by such corporations for services performed by outside commercial gardeners. That section authorizes reasonable charges " for any acts and services ordered by the owner and *rendered by the corporation*" (emphasis added). Since the only charges permitted by section 82 are for those acts and services rendered by cemetery corporations ( cf. *May* v. *Washington Cemetery,* 29 Misc 2d 1046, affd. 16 A D 2d 931) and since the charges imposed at bar were for acts and services performed by outside commercial gardeners, there is no statutory basis for the imposition of the disputed charge. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur. [49 Misc 2d 836.]